In the Matter of the Estate of FREDERICK K. JAMES, Deceased.*

Surrogate's Court, Putnam County, September 25, 1940.

*Dempsey, McClelland & Croake*, for Burton W. James, petitioner.

*Ryder & Donohoe*, for the executors.

BAILEY, S. This is an application for the construction of certain language contained in the residuary clause of decedent's will. The clause in question is as follows:

" *Tenth.* All the rest, residue and remainder of my estate, both real and personal of whatsoever kind and nature of which I may

---

* Affd., 261 App. Div. 991; reargument denied, Id. 1079.

die seized or possessed or to which at the time of my death I shall in any way be entitled to or have a power of disposition of, I give, devise and bequeath to Mrs. Julia Webber, who has been in my household for the past ten years and a most faithful and dependable employee. She has managed my home, attended to my affairs and devoted all of her time to my interest and I feel she is worthy of this provision which I hereby make for her. It is my will, however, that in the event she should marry between the date of this my Will and the date of my death, that this provision for her shall be void and of no effect, for in such event I presume that she would not be in need of money for her maintenance and support."

By stipulation it appears that at the time the will was executed and at the time of testator's death, the beneficiary of this clause was the wife of John Webber. In other words, she was at all times a married woman. It is the petitioner's contention that the limitations contained in the last sentence of the residuary clause restrict its operation to the married or unmarried state of the beneficiary at the time of testator's death; that it is a condition precedent lawfully imposed and which has been violated by the beneficiary, and that the bequest fails.

The executors on the other hand claim that the condition required an affirmative act, that of marrying, that such act did not take place; that the condition has not been violated; that the language is clear and unequivocal and that the bequest should not be disturbed.

There are two fundamental principles to be observed in this proceeding: *First*, the primary canon of construction that the intent of the testator is to be gathered from the will, and *second*, that a bequest in a will is to be taken as it is made or not at all; and that a testator may impose terms and conditions to a bequest, providing such terms and conditions do not violate an established principle of law or statute.

There is little of testator's intention to be gathered from the will except that which is found in the clause sought to be construed; here he expressed his reasons for wishing to provide bountifully for Mrs. Webber and following the statement of his reasons, provides a limitation, that in the event she should marry between the date of the will and the date of his death the provision for her shall be void and of no effect.

In advancing his argument that the condition has been violated, petitioner urges with considerable emphasis that the language used by testator in imposing his limitation upon the bequest negatives any intention on his part to make provision for Mrs. Webber providing she were married.

The authorities relied upon by petitioner support his contention that it is the duty of the court to so construe the language of the will as to give effect to testator's intention; and that authority is vested in the court to transpose or reject words so as to carry out such intention. Petitioner in support of his contention also urges that in construing doubtful language in a will, the court is required to favor the heir of the testator to a stranger who, except for the will, has no claim upon his bounty. This is also sound doctrine and is amply supported by the decisions of our courts. These decisions, however, do not authorize the court to provide for a child or other near relative beyond that provision contained in the will nor to remake a will, because its provisions may appear to be unequal or unjust.

Testator made manifest his intention to provide for his housekeeper, Mrs. Julia Webber; no intention can be gleaned that he did not intend such provision in the event she were a married woman; to the contrary, it appears quite clearly that testator was fully aware that she was a married woman; a bequest is made to " Robert H. Webber, son of Mrs. Julia Webber;" the residuary clause and the clause appointing her executor each refer to her as " Mrs. Julia Webber."

The limitation imposed is " in the event she should marry * * * this provision for her shall be void." She did not marry and the fact that she was at all times a married woman did not, in my opinion, constitute a violation of the condition imposed. It will be adjudged accordingly.